IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| | ) | CV 16-602 |
| v. | ) | CR 10-235 |
| DWAYNE JACKSON | | |

## MEMORANDUM OPINION

### SYNOPSIS

On March 5, 2008, Defendant pleaded guilty to all counts of a three-count indictment charging one count of conspiracy to possess with intent to distribute in excess of 500 grams of cocaine and in excess of 50 grams of cocaine base, one of possession with intent to distribute a quantity of cocaine, and one of possession with intent to distribute a quantity of cocaine base. On May 4, 2012, he was sentenced to terms of 102 months imprisonment at each count, to be served concurrently, followed by five years of supervised release.[1] At that time, Defendant was classified as a career offender pursuant to U.S.G.G. § 4B1.1, based on a prior conviction for a controlled substance offense, and one for resisting arrest. Accordingly, the advisory Guideline range was 262 to 327 months. In addition, one count carried a mandatory minimum ten-year term of imprisonment. Defendant filed a Section 2255 Motion, premised on Johnson v. United States, __ U.S.__, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). As Judge McVerry has noted, absent the enhancement, the applicable Guideline range would have been 100 to 125 months, or 120 to 125 months, due to the mandatory minimum.[2]

---

[1] The enhanced Guideline range was 262 to 327 months. Absent the enhancement, the applicable range would have been 100 to 125 months. Moreover, Count 1 carried a mandatory minimum of ten years imprisonment. Defendant's 102-month sentence resulted from the Government's Motion for downward departure.

[2] At the time of his Motion on May 12, 2016, Defendant represented that he had serviced approximately 64 months of incarceration, not counting good time credit earned.

1

By Memorandum Opinion and Order dated August 4, 2016 ("August 4 Mem. Op."), Judge McVerry granted the Motion, insofar as Defendant's original sentence was vacated. Judge McVerry permitted further briefing regarding whether Defendant remained a career offender due to a prior conviction for simple assault, which was not relied on as a predicate at the original sentencing.[3] That issue is presently before the Court. For the following reasons, I accept the Government's argument that Defendant remains a career offender, and this matter will be scheduled for resentencing.

**OPINION**

The Government contends that Defendant's prior conviction for simple assault qualifies him as a career offender under the "use clause," or "force clause," of U.S.S.G. § 4B1.2(a)(1). That clause includes, as a "crime of violence," an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another...." Under these circumstances, the Government bears the burden of demonstrating that career offender status is proper. United States v. Smith, 2016 U.S. Dist. LEXIS 113484, at *6 (W.D. Pa. Aug. 25, 2016).

Defendant's prior conviction arose under Pennsylvania's simple assault statute, 18 Pa. C.S.A. § 2701, which has been held divisible and subject to a modified categorical approach. August 4 Mem. Op., p. 8; United States v. Marrero, 743 F. 3d 389, 396 (3d Cir. 2014).[4] As the Court of Appeals has stated, "[s]imple assault is not categorically a crime of violence...; rather, only knowing or intentional assaults are." United States v. Doe, 810 F. 3d 132, 147 (3d Cir. 2015). A modified categorical approach, in turn, permits the court to consider documents

---

[3] The sentencing Court's reliance on Defendant's predicate controlled substance offense is not at issue.

[4] The continued viability of Marrero is under question, following recent Supreme Court pronouncements. See, e.g., United States v. Smith, 2016 U.S. Dist. LEXIS 113484 (W.D. Pa. Aug, 25, 2016). I note that our Court of Appeals continues to cite to Marrero. Singh v. AG of the United States, 2016 U.S. App. LEXIS 18155, at *19 (3d Cir. Oct. 6, 2016). In any event, here, Judge McVerry has already decided that Section 2701 is divisible, and that holding remains the law of the case.

2

approved by Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), and Taylor v. United States, 495 U.S. 575, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990), in order to determine whether Defendant's conviction qualifies as a predicate offense.

There is no dispute that a charging instrument is properly considered under Shepard and Taylor. Here, the Government has produced a four-Count information dated May 28, 2008, and lodged against Defendant in the Court of Common Pleas of Allegheny County, at criminal action number CC200706865. Count four of that information charges as follows: "The actor attempted by physical menace to put [victim] in fear of imminent serious bodily injury, in violation of Section 2701(a)(3) of the Pennsylvania Crimes Code...." At the time, Section 2701(a)(3) provided that a person is guilty of assault if he "attempts by physical menace to put another in fear of imminent serious bodily injury."

Our Court of Appeals has stated, in another context, as follows:

> ... § 2701(a)(3) is a crime of violence within 18 U.S.C. § 16(a) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Under Pennsylvania law, simple assault as set forth in § 2701(a)(3) is a specific intent crime. The language of (a)(3) dictates this result: the word "attempt" necessarily involves a mental state of specific intent. ...Furthermore, the requirement ... that the elements of a "crime of violence" include "use, attempted use, or threatened use of physical force" plainly encompasses the term "physical menace" in § 2701(a)(3). Under Pennsylvania law, "physical menace" requires some physical act by the perpetrator intended to cause "fear of imminent serious bodily injury" in the victim. .... "Physical menace" refers to physical acts committed to threaten another with corporeal harm. An attempt to distinguish between such acts and the concept of "the use, attempted use, or threatened use of physical force" employed by § 16(a) would be meaningless. We cannot reasonably conceive of a situation wherein such an act of "physical menace," intended to place another in fear of imminent serious bodily injury, would not, at the very least, constitute the attempted or threatened use of physical force contemplated by 18 U.S.C. § 16(a).

Singh v. Gonzales, 432 F.3d 533, 539-40 (3d Cir. 2006) (citations and parentheticals omitted); see also United States v. Jones, 552 Fed. Appx. 185 (3d Cir. 2014); Ledoue v. AG of the United States, 462 Fed. Appx. 162, 165 (3d Cir. 2011).

3

Although Singh addressed 18 U.S.C. § 16(a), the definition of "crime of violence" in Section 4B1.2(a)(1) mirrors that in Section 16(a), and thus authority interpreting one is generally applied to the other, unless pertinent distinctions – none of which are present here – are present. E.g., United States v. Mahone, 662 F.3d 651, 653 (3d Cir. 2011).[5] Indeed, "[i]t is impossible to conceive of a situation involving fear of imminent serious bodily injury without a threat of force." United States v. Melchor-Meceno, 620 F.3d 1180, 1185 (9th Cir. 2010). In the case at bar, Judge McVerry stated, "[i]f the Government can establish through appropriate documentation that Jackson was convicted under subsection (a)(3), then the Court will be bound to apply the holding in Jones and Singh and conclude that Jackson remains a career offender." August 4 Mem. Op., p. 10.

Defendant, however, objects that Singh does not survive recent Supreme Court pronouncements in Mathis v. United States, __ U.S. __, 136 S. Ct. 2243, 2252, 195 L. Ed. 2d 604 (2016), because the Court of Appeals in Singh focused on conduct previously found to have satisfied the elements of the statute.[6] Mathis prohibits reliance on "the means by which the defendant, in real life, committed the crime" in order to determine whether a prior conviction qualifies as a predicate offense for sentencing purposes. Id. at 2252. Thus, Mathis dictates, a sentencing court must look only to the elements of the offense of conviction, rather than underlying facts. Id. at 2251-52. The Supreme Court's concerns were manifold, and included the constitutional requirement that a jury, not a judge, find facts that increase a maximum penalty, and the error-prone nature of non-elemental facts in records of prior conviction. Id. at 2252.

---

[5] An portion of Mahone, unrelated to the case at bar, has been abrogated. United States v. Brown, 765 F. 3d 185 (3d Cir. 2014).

[6] Judge McVerry rejected Defendant's argument, based on Ledoue, that Singh is no longer viable. August 4 Mem. Op., p. 11. Here, I address more specifically Defendant's suggestion that Singh is invalid because it improperly focused on the conduct underlying a conviction.

4

The Singh Court did not, however, look to underlying conduct in a way that violated Mathis. Defendant points to the conclusion, in Singh, that it would be meaningless to distinguish between "physical acts committed to threaten another with corporeal harm" – viz., the meaning of the phrase "physical menace," as used in Section 2701(a)(3) – and "the use, attempted use, or threatened use of physical force." Singh, 432 F. 3d at 539-40. In reaching this conclusion, the Court of Appeals looked to state courts' treatment of defendants' underlying conduct in order to evaluate the meaning of the elemental phrase "physical menace"; it did not examine any underlying facts – much less those relating to the defendant before it – to determine which statutory phrase formed the basis for a particular conviction. Id. Similarly, the Court of Appeals looked to Pennsylvania law when finding that "attempt" is a specific intent crime.[7] Id. at 539. Defendant takes issue with the Singh Court's additional reference to the underlying conduct in two state court cases, but that discussion merely responded to defendant's argument that those cases "present[ed] applications of 2701(a)(3) that do not involve the use of physical force." Id. at 540. In other words, the pertinent analysis in Singh does not implicate the concerns voiced in Mathis, and does not run contrary to that decision. Accordingly, at this juncture, I decline to depart from our Court of Appeals' decision.

Defendant also argues that under Pennsylvania law, Section 2701(a)(3) does not have as an element "the use, attempted use, or threatened use of physical force against the person of another," as required by Section 4B1. He contends that Section 2701(a)(3) instead includes the intent to frighten, even if the actor does not intend, or lacks ability, to commit a battery; the

---

[7] The use of the word "attempt" in Section 2701(a)(3) undermines Defendant's argument based on Pennsylvania's Protection from Abuse Act ("PFAA"), 23 Pa.C.S. § 6102. The PFAA defines abuse, inter alia, as "[p]lacing by physical menace another in fear of imminent serious bodily injury," without defining a particular mens rea. In that context, Defendant contends, "physical menace" does not require physical contact, or the use or threat of physical force. I note that Defendant's position rests on an approach – looking to underlying facts that did, or did not, constitute "physical menace" under the PFAA in various cases, in order to assess the meaning of that phrase – similar to that of the Court of Appeals in Singh.

5

required element of Section 2701(a)(3), he says, is "intent to put another in fear of injury," rather than intent to use force; relatedly, he also contends that the statutory element relates to the causation of injury, rather than the use of force. Defendant's contentions elide both the full statutory phrasing and the discussion, set forth supra, in Singh.[8]

Moreover, Defendant focuses on the Pennsylvania Suggested Jury Instructions, as well as case law, to argue that a Section 2701(a)(3) jury need not find that the defendant used, attempted to use, or threatened to use physical force in order to convict. The Jury Instruction to which he cites, 15.2701D, would charge the jury to find three elements: first, that the defendant attempted to put the victim in fear of imminent serious bodily injury, meaning, inter alia, fear or an impairment of physical condition that would create a substantial risk of death or serious, permanent disfigurement; second, that the defendant did so by use of physical menace, meaning some physical act that was menacing or frightening; and third, that the defendant's conduct was intentional, in that it was his conscious object to cause fear of imminent serious bodily injury. As the Court of Appeals suggested in Singh, there is little daylight between these elements and one that involves the "attempted or threatened use of physical force."

Given that I will not depart from Singh, and that the information at issue clearly identifies Section 2701(a)(3) as the statutory basis for the charge against Defendant, I will proceed in accordance with the finding that Defendant was charged with a "crime of violence." The question remains, however, whether he was convicted of the crime charged. The Government submits an Order of Court, certified from the record, regarding Defendant's sentencing at the same docket number borne by the charging document. The document refers to the sentence

---

[8] A "crime of violence" applies to a crime that has as an element the "attempted use, or threatened use of physical force against the person of another." Section 2701(a)(3) requires that the actor "attempts by physical menace to put another in fear of imminent serious bodily injury," and Singh found that attempt is a specific intent crime. Case law relating to Section 2701(a)(1), which permits conviction for intentional or reckless behavior, is not dispositive when Section 2701(a)(3) is at issue.

6

imposed as to "Count 4," and "Ct #4 simple assault."[9] Again, the information clearly identifies Count 4 as a charge of violating Section 2701(a)(3).

Our Court of Appeals has held that Shepard and Taylor "do not limit the type of documents a...court may consider for purposes of determining the fact of a prior conviction." United States v. Jones, 355 Fed. Appx. 610, 614 (3d Cir. 2009). In so doing, the Court distinguished the situation when a court must determine "whether [defendant] was convicted of the alleged offense," from the situation in Shepard and Taylor, which involved determining whether the conviction was "violent" and thus supports an enhancement. Id. At this juncture, it has already been determined that a conviction under the statutory subsection charged would support an enhancement; we are solely concerned, here, with the fact of conviction under that statutory subsection. In this case, the Government has established that Defendant was convicted under Section 2701(a)(3). See August 4 Mem. Op., p. 14.

Previously, Judge McVerry indicated that if Defendant's simple assault conviction proved to qualify as a predicate offense, he intended to enter an amended judgment re-imposing Defendant's prior sentence. As he recognized, however, the court conducting a resentencing is free to consider any relevant matters, and that the scope of the resentencing is within the discretion of that court. Aug. 4. Mem. Op. p. 8. Because Defendant's simple assault conviction did not form the basis for his original sentence, "Defendant has not had the benefit of a full and fair hearing, or other proceedings that typically occur prior to sentencing." United States v. McColley, 2016 U.S. Dist. LEXIS 38760, at *7 (W.D. Pa. Mar. 24, 2016). To ensure that

---

[9] As Judge McVerry discussed, the Government also submitted a docket sheet from the Court of Common Pleas, which indicated that Defendant pleaded guilty to violations of both 2701(a)(1) and (a)(3). He further noted case law on both sides of the issue of whether Shepard permits consideration of the docket sheet. My decision today does not rest on the docket report.

7

Defendant has all the process to which he is entitled, I will not merely re-impose his original sentence. Instead, this matter will be scheduled for a resentencing hearing.

## CONCLUSION

For the foregoing reasons, the Government has established that Defendant's conviction for simple assault may serve as a valid predicate offense for sentencing purposes. A resentencing hearing will be scheduled. An appropriate Order shall issue.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

Date: November 18, 2016

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CV 16-602 |
| v. | ) | CR 10-235 |
| DWAYNE JACKSON | | |

### ORDER

AND NOW, this 18th day of November, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that this matter is scheduled for resentencing on _Dec. 20_, 2017, at _10_ : _00_ _A._M. in Courtroom 3B before the undersigned.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose

Senior Judge, U.S. District Court

9